UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID LEE SINNETT,

v. Case No. 8:04-cr-54-T-17TBM
8:07-cv-963-T-17TBM

UNITED STATES OF AMERICA.

---

O R D E R

This cause is before the Court on David Lee Sinnett's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-10; cr-57) (hereinafter "motion to vacate," or "motion").

Background

On August 22, 2005, Sinnett pled guilty, without a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One of the Indictment). Doc. cr-1 (Indictment), cr-36 (Minute Entry). On December 22, 2005, this Court sentenced Sinnett to a 77-month term of imprisonment, to be followed by a 36-month term of supervised release. Doc. cr-46 (Judgment). Sinnett did not file a direct appeal of his conviction.

On June 1, 2007, Sinnett signed his original section 2255 motion. Sinnett's motion

was denied without prejudice by this Court, and he was given an opportunity to file an amended 2255 motion. On July 8, 2007, Sinnett filed his amended motion. Doc. cv-10.

Sinnett raises the following grounds for relief:

1. Sinnett received ineffective assistance of counsel when counsel advised him that his outstanding violation of probation (VOP) case was dismissed and that all of his pending state sentences would run concurrent with his federal sentence in this case, and it was not so. Doc. cv-10, p. 5.

2. In addition, Sinnett claims that counsel misadvised him that his sentence would be served in federal custody, and he would be earning federal gain time. Doc. cv-10, p. 6.

3. Sinnett's sentence is "cruel and unusual" punishment. Doc. cv-10, p. 7.

4. Sinnett's sentence is not being served in accordance with this Court's order that it run concurrent to his state sentence. Doc. cv-10, p. 8.

5. Sinnett is being denied the benefits of federal custody while being held in a state facility. Doc. cv-10, p. 9.

6. Counsel provided ineffective assistance when she failed to handle Sinnett's state charge of VOP as she purportedly promised. Doc. cv-10, p. 10.

Petition Is Time-Barred

The one-year statute of limitations for filing a collateral proceeding under section 2255 begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6(1)-(4).

Sinnett's conviction became final on January 9, 2006, when the time for filing a direct appeal had passed; thus, he had until January 10, 2007, to file his section 2255 motion.

Doc. cr-46; *see Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires); *see Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) ("conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted"). As mentioned above, Sinnett signed his original section 2255 motion on June 1, 2007, more than five (5) months late. See Doc. cv-1.

Sinnett's assertions do not warrant equitable tolling of the one-year limitations period. Equitable tolling is "an extraordinary remedy" that is permitted "only sparingly." *Jones v. United States*, 304 F.3d 1035, 1038-39 (11th Cir. 2002). It is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The movant bears the burden of demonstrating these extraordinary circumstances. *Jones,* 304 F.3d at 1040. Here, Sinnett has not shown extraordinary circumstances, let alone circumstances that were beyond his control and unavoidable. See *Johnson v. United States*, 340 F.3d 1219, 1226-27 (11th Cir. 2003), aff'd., 544 U.S. 295 (2005); Sandvik, 177 F.3d at 1271-72.

Sinnett argues that the statute of limitations for seeking relief pursuant to 28 U.S.C. § 2255 should be tolled because he was not aware until sometime later that his sentence conditions were not being implemented as his counsel had promised. Sinnett does not further develop his argument that his counsel's ineffectiveness prevented him from filing a timely section 2255. Although Sinnett states he made "diligent inquiries to counsel, and the Bureau of Prisons, and the Department of Corrections" and other related parties, he provides no evidence to show he exercised due diligence in timely making these inquiries.

Doc. cv-10, p. 14. More importantly, Sinnett acknowledges he received a memorandum from the Department of Corrections on August 15, 2006, in support of his claim raised in Ground 1 of his motion, and attaches said memorandum. Doc. cv-10-2, p. 5 (Exh. B-2). Therefore, Sinnett, by his own admission, had information to support at least one of his claims in order to file a section 2255 motion timely. Sinnett's argument for equitable tolling of the one-year limitations period falls far short of meeting the standard.

Accordingly, the Court orders:

That Sinnett's motion to vacate (Doc. cv-10; cr-57) is denied, as time-barred. The Clerk is directed to enter judgment against Sinnett in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 10, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: AMANDA C. KAISER
David Lee Sinnett, pro se